UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

United States of America,

      v.                               Case No. 2:21-cr-121

William T. Caniff, Jr.,            Judge Michael H. Watson

      Defendant.

## OMNIBUS OPINION AND ORDER

William T. Caniff, Jr. ("Defendant") is charged with several counts of wire fraud and money laundering. *See generally*, Sup. Indict., ECF No. 30. As to the wire fraud, the Superseding Indictment alleges that Defendant, working through different business entities, told investors that he would invest their funds on their behalf. *Id.* ¶¶ 1–16. Instead, Defendant allegedly kept the investors' funds for himself and a business partner. *Id.* The Superseding Indictment alleges that Defendant then laundered the money he obtained through wire fraud. *Id.* ¶¶ 17–18.

This Opinion and Order addresses the following motions from Defendant: (1) a motion to disclose grand jury transcripts, ECF No. 39; (2) a motion to dismiss the Superseding Indictment or, in the alternative, for a bill of particulars, ECF No. 40; and (3) a motion to dismiss for lack of proper venue, ECF No. 24. For the following reasons, Defendant's motions are **DENIED**.

## I.  MOTION FOR DISCLOSURE OF GRAND JURY TRANSCRIPTS

Defendant moves for disclosure of the grand jury transcripts.  ECF No. 39.

According to Defendant, disclosure is appropriate because the Government may

have committed prosecutorial misconduct before the grand jury and, therefore,

dismissing the Superseding Indictment may be appropriate.

Federal Rule of Criminal Procedure 6(e)(3)(E) provides in relevant part that

a "court may authorize disclosure—at a time, in a manner, and subject to any

other conditions that it directs—of a grand-jury matter . . . at the request of a

defendant who shows that a ground may exist to dismiss the indictment because

of a matter that occurred before the grand jury."  A defendant "seeking grand jury

transcripts must show that the transcripts are needed to avoid a possible injustice

in another judicial proceeding, that the need for disclosure is greater than the

need for continued secrecy, and that the request is structured to cover only the

material so needed."  *United States v. Arrick*, No. 18-3479, 2018 WL 8344588, at

*1 (6th Cir. Nov. 28, 2018) (cleaned up).  To that end, "[m]ere allegations of

improper procedure [before the grand jury] without any facts supporting those

allegations are not enough to demonstrate particularized need."  *United States v.

Demarey*, 81 F.3d 161 (Table) (6th Cir. 1996).  Whether to disclose grand jury

transcripts is within the discretion of the district court.  *United States v. Gordon*,

No. 21-3709, 2022 WL 3098199, at *2 (6th Cir. June 15, 2022) (citation omitted).

Defendant argues that the Government committed prosecutorial misconduct before the grand jury by giving incorrect instructions on the relevant law and misrepresenting the facts as they relate to the relationship between Defendant and his investors.

Defendant's disclosure motion fails because the alleged prosecutorial misconduct would not be grounds for dismissing the indictment. As explained above, the Court may disclose grand jury transcripts if a defendant "shows that a ground may exist to dismiss the indictment." Fed. R. Crim. P. 6(e)(3)(E). Thus, if a defendant alleges wrongdoing that, if taken as true, would not be grounds to dismiss the indictment, the defendant fails to make the required showing under Rule 6(E). *See Gordon*, 2022 WL 3098199, at *2 ("The district court did not abuse its discretion by denying [the defendant's] disclosure motion because [the defendant's] arguments did not provide a basis for dismissing the indictment.").

Dismissing an indictment for prosecutorial misconduct is proper only when a "defendant demonstrates that prosecutorial misconduct is a long-standing or common problem in grand jury proceedings in [the] district." *United States v. Griffith*, 756 F.2d 1244, 1249 (6th Cir. 1985) (quotation marks omitted; citing cases). Here, Defendant does not even argue—let alone point to evidence of—a "long-standing" or "common problem" of prosecutorial misconduct in front of the grand jury. Neither is the Court aware of such a problem. Accordingly, even if

the grand jury transcripts revealed that the prosecutors in *this* case misrepresented the law or facts, that would not be a basis for dismissing the Superseding Indictment.

In short, Defendant has not shown that "a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." Fed. R. Crim. P. 6(e)(3)(E)(ii). Therefore, Defendant is not entitled to disclosure of the grand jury transcripts, and his motion requesting such disclosure is **DENIED**.

## II. MOTION TO DISMISS INDICTMENT

Under Federal Rule of Criminal Procedure 12, a "party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Among the types of motions that may be filed under Rule 12 are motions objecting to "a defect in the indictment." Fed. R. Crim. P. 12(b)(3)(B).

A Rule 12 motion is appropriate "when it raises questions of law rather than fact." *United States v. Ali*, 557 F.3d 715, 719 (6th Cir. 2009) (citation omitted). Thus, a party may properly raise an issue under Rule 12 "if trial of the facts surrounding the commission of the alleged offense would be of no assistance in determining the validity of the defense." *Id.* (internal quotation marks and citations omitted). "On a motion to dismiss an indictment, the court must view the indictment's factual allegations as true, and must determine only

whether the indictment is valid on its face." *United States v. Edwards*, 291 F. Supp. 3d 828, 831 (S.D. Ohio 2017) (cleaned up).

Defendant argues the Superseding Indictment suffers from three types of defects: (1) multiplicity; (2) lack of specificity; and (3) failure to state an offense. Defendant also argues that the Superseding Indictment should be dismissed because the Government cannot meet its burden of proof. The Court addresses each argument, in turn.

### 1. Multiplicity

Defendant argues the Superseding Indictment is multiplicitous. An indictment is multiplicitous when it charges "the same offense in more than one count." Fed. R. Crim. P. 12(b)(3)(B)(ii). "Multiplicity may result in a defendant being punished twice for the same crime or may unfairly suggest that more than one crime has been committed." *United States v. England*, No. 21-5273, 2023 WL 1777533, at *11 (6th Cir. Feb. 6, 2023) (internal quotation marks and citation omitted). When assessing whether two counts are multiplicitous, courts consider "whether each offense requires proof of a fact that the other does not." *Id.* (citation omitted). Said another way, if the facts underlying each count "constitute a separate unit of prosecution," the indictment is not multiplicitous. *United States v. Richards*, 659 F.3d 527, 547 (6th Cir. 2011) (citation omitted).

Defendant alleges that Counts 2–3, 6, 8–15, 17–18, 25–26, and 27–35 are multiplicitous. Each of these counts includes specific information about the wire transfer (*e.g.*, date, amount transferred, relevant bank account numbers, memo lines, or references numbers).

Each of Counts 6, 8, 17, 18 have a distinct combination of date, transaction amount, and bank accounts that is not repeated in any other count. The remaining counts are distinguished from each other by only reference numbers or memo lines. That is, the other counts share a date, amount transferred, and bank account numbers with at least one other count, but they have different reference numbers or descriptive memos. As an example, consider Counts 2 and 3:

| Count | Date | Description |
|---|---|---|
| 2 | 08/22/2016 | Wire transfer of $49,992 from Rabobank Nederland account ending x9976 through Bank of America to PNC Bank account ending x6402 with transaction description **"Fed Wire In 004359"** |
| 3 | 08/22/2016 | Wire transfer of $49,992 from Rabobank Nederland account ending x9976 through Bank of America to PNC Bank account ending x6402 with transaction description **"Fed Wire In 004360"** |

Sup. Indict. ¶ 16, ECF No. 30 (emphasis added).

The different dates, amounts, bank account numbers, and memo lines or reference numbers show that each count is based on a distinct wire transfer. Each wire transfer "constitutes a separate crime under section 1343." *United*

*States v. Williams*, 875 F.2d 868 (Table) (6th Cir. 1989) (considering the issue in the context of sentencing). This is so even if, as Defendant argues, several wire transfers were part of a single scheme, purchase, or transaction. *Id.* (adopting the reasoning of another circuit that "each use of the wires constitutes a separate crime under 18 U.S.C. § 1343, even if the several uses are in pursuance of but one criminal enterprise" (quotation marks and citations omitted)).

Thus, as each count represents a separate alleged crime, the Superseding Indictment is not multiplicitous.

### 2.    Failure to State an Offense

Defendant argues that the Superseding Indictment fails to state an offense for three reasons: (1) Counts 1–35 fail to allege materiality; (2) Counts 1–35 fail to allege a scheme to defraud; and (3) Counts 1–35 fail to allege that the wire transmissions were made in furtherance of fraud.

Federal Rule of Criminal Procedure 7(c)(1) provides that an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged[.]" To be sufficient, an indictment must: (1) "set out all of the elements of the charged offense and must give notice to the defendant of the charges he faces"; and (2) "be sufficiently specific to enable the defendant to plead double jeopardy in a subsequent proceeding, if charged with the same crime based on the same facts." *United States v. Howard*, 947 F.3d

936, 943 (6th Cir. 2020) (cleaned up). An indictment "must be read as a whole," and a court should accept the "the factual allegations as true" and construe "those allegations in a practical sense with all the necessary implications." *United States v. McAuliffe*, 490 F.3d 526, 531 (6th Cir. 2007) (citation omitted).

Counts 1–35 of the Superseding Indictment accuse Defendant of committing wire fraud, in violation of 18 U.S.C. § 1343. Sup. Indict. ¶¶ 8–16, ECF No. 30. Section 1343 provides:

> Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice, shall be fined under this title or imprisoned not more than 20 years, or both.

The Superseding Indictment sufficiently states an offense of wire fraud in each of Counts 1–35. First, the Superseding Indictment identifies the elements of the offense. The Superseding Indictment alleges that Defendant "devised and intended to devise a scheme to defraud, and to deprive another of money and property by means of materially false and fraudulent pretenses, representations, and promises" and that Defendant "transmitted and caused to be transmitted" wire transfers "for the purpose of executing and attempting to execute the scheme to defraud." Sup. Indict. ¶¶ 9, 16, ECF No. 30. Thus, the Superseding Indictment "clearly track[s] the language" of the wire fraud statute and, therefore,

contains the elements of the offense. *United States v. Anderson*, 605 F.3d 404, 411 (6th Cir. 2010).

Second, the Superseding Indictment sufficiently alleges Defendant's conduct underlying the charges. The Superseding Indictment includes the pertinent time frame, the general organizational structure of the relevant business entities, the type of investment allegedly offered to investors, the type of material representations made to investors (specifically, that the investors' funds would be used or invested for the investors' benefit), at least one of the methods of making these representations, and why those representations were false (because Defendant kept some or all of the investors' funds for himself and his business partner). Sup. Indict. ¶¶ 2–6, 9, 11–15, ECF No. 30. In addition, the Superseding Indictment lists thirty-five different wire transfers, corresponding to each of the thirty-five wire fraud counts. *Id*. ¶ 16. For each of these wire transfers, the Superseding Indictment lists the date, amount, unique memo lines or reference numbers, and the sending and receiving bank accounts. *Id*. This is sufficient detail to allow Defendant "to adequately plead an acquittal or conviction in bar of any future prosecutions arising from the same offense." *Anderson*, 605 F.3d at 411; *see also Howard*, 947 F.3d at 943 (concluding an indictment was "sufficiently specific" where it alleged, among other things, the means and date of the alleged offense). Accordingly, Counts 1–35 state an offense for wire fraud.

Defendant's arguments against this conclusion are unavailing. First, Defendant argues that the Superseding Indictment does not sufficiently allege materiality or a scheme to defraud. Underlying both these arguments is Defendant's view of the agreements Defendant (via a business entity) had with investors (the "Agreements"). According to Defendant, the Agreements disclaimed any sort of fiduciary relationship, and, thus, investors could not have reasonably relied on any representations from Defendant. Therefore, Defendant argues, he could not have made a material misrepresentation. Similarly, Defendant argues that, because the Agreements disclaimed a fiduciary duty, he could not have devised or intended to devise a scheme to defraud the investors.

This argument is unpersuasive.[1] A disclaimer of a fiduciary relationship does not give a party license to freely lie to others, nor does it mean that one party should disbelieve everything the other says. For example, a person could not disclaim a fiduciary relationship, tell the other party "if you give me $10, I will buy your lunch with it," pocket the cash for himself, and then point to the disclaimer of a fiduciary relationship to avoid penalties for that action. That hypothetical is merely a simpler version of the allegations in the Superseding

---

[1] To whatever extent Defendant argues that the Agreements contemplated criminal activity and, as a result, the Agreements gave Defendant "permission" to commit crimes, that argument falls flat. Parties may not re-write the federal criminal code via a private contract.

Case No. 2:21-cr-121 Page 10 of 21

Indictment. The Superseding Indictment alleges that Defendant told investors he would invest their funds—and that they would assume the risks and benefits of that investment—but then kept some or all of the money for himself. That kind of misrepresentation does not require a fiduciary relationship to create liability. In other words, the mere fact that Defendant disclaimed any fiduciary relationship with investors does not, by itself, mean that Defendant could not have made any material misrepresentations; nor does it mean that Defendant could not have devised or intended to devise a scheme to defraud the investors.[2]

Next, Defendant argues that the Superseding Indictment does not sufficiently allege that the wire transfers were made in furtherance of fraud. Defendant contends that before each wire transfer, the investors had already been induced to part with their money, and, therefore, any alleged fraud had already been completed before each wire transfer. This argument lacks merit. The wire transfers were integral to each instance of alleged fraud because it was

---

[2] Defendant also argues that, as evidenced by the Agreements, the investors knew they were engaging in high-risk, high-reward investments. As a result, according to Defendant, they knew that a possible outcome of the investment was that they could lose everything they had invested. Thus, Defendant argues, he should not face criminal charges because that known possibility became a reality.

Again, Defendant seems to misunderstand the allegations of the Superseding Indictment. The Superseding Indictment does not allege Defendant committed wire fraud because he invested the investors' money in ultimately unsuccessful investments. Rather, it alleges that Defendant represented that he would invest the investors' money in investments but then kept the money for himself.

through the wire transfer that Defendant obtained the funds from his investors. In other words, the completion of Defendant's alleged scheme "depended in some way" on the alleged wire transfers. *United States v. Daniel*, 329 F.3d 480, 489 (6th Cir. 2003) (internal quotation marks and citations omitted). That is enough to state an offense.

Finally, in Defendant's motion for disclosure of grand jury transcripts, Defendant argues that the Superseding Indictment fails to adequately allege the elements of embezzlement. Even assuming that is true, Defendant is not charged with embezzlement. Rather, embezzlement is but one of several means the Superseding Indictment alleges Defendant used during his wire fraud scheme. Sup. Indict. ¶ 11, ECF No. 30. Thus, even if the Superseding Indictment failed to allege everything necessary for embezzlement, it still states an offense for *wire fraud* because it sufficiently alleges the wire fraud was committed through any one of many means.

In sum, Counts 1–35 of the Superseding Indictment state an offense for wire fraud.

### 3.    Specificity

Whether an indictment is sufficiently specific is viewed under an almost identical framework as whether an indictment fails to state an offense. *See United States v. Switzer*, No. 21-20104, 2021 WL 4522309, at *2 (E.D. Mich. Oct.

4, 2021) (considering both a "specificity" and a "failure to state an offense" challenge under the same rubric).  Thus, when reviewing whether an indictment has the requisite specificity, courts consider whether the indictment (1) "sets out all of the elements of the charged offense and gives notice to the defendant of the charge he faces"; and (2) "is sufficiently specific so as to enable the defendant to plead double jeopardy in a subsequent proceeding, if charged with the same crime based on the same facts."  *United States v. Busch*, No. 3:18-CR-079, 2019 WL 2289321, at *1 (S.D. Ohio May 29, 2019) (cleaned up).

Defendant argues that Counts 1–35 (wire fraud) should be dismissed because they lack sufficient specificity as to the falsities alleged and that Counts 36–52 (money laundering) should be dismissed because they lack the required specificity as to the underlying unlawful activity.

### a.    Falsities Alleged

One of the elements of wire fraud is that the defendant's scheme must have "included a material misrepresentation or concealment of a material fact." Sixth Circuit Pattern Jury Instructions § 10.02.  Defendant argues that the Superseding Indictment fails to specifically identify what the allegedly false statements are, who made the statements, and when the statements were made.

For allegations of wire fraud, an indictment need not identify each allegedly false statement.  *United States v. Ogbazion*, No. 3:15-CR-104, 2017 WL

1315813, at *11 (S.D. Ohio Apr. 10, 2017) (finding an indictment on wire fraud counts sufficiently specific even though it did not identify every allegedly false representation).  Instead, if the indictment identifies the "general time frame" of the alleged false statements and the "nature of the misrepresentations," it is sufficient.  *Id.*

Here, the Superseding Indictment meets that bar.  The Superseding Indictment provides the general timeframe of Defendant's alleged misrepresentations: January 2016 through May 2019.  Sup. Indict. ¶ 9, ECF No. 30.  It also identifies the nature of the misrepresentations; namely, false representations about the risks involved in the investments and false representations that the investors' funds would be used for their benefit.  *Id.* ¶ 11.

Accordingly, the Superseding Indictment sufficiently alleges the false statements Defendant made.

### b.  Underlying Unlawful Activity

Defendant argues that Counts 36–52, the money laundering counts, must be dismissed because they fail to specifically allege an underlying unlawful activity.  One of the elements of money laundering is that the laundered money must have been derived from a specific unlawful activity.  18 U.S.C. § 1957.

Defendant's argument is two-pronged.  First, he argues that the Superseding Indictment refers to the unlawful activity only as "wire fraud," without

specifying whether it is the same wire fraud alleged in Counts 1–35.  If it is *not* the same wire fraud as alleged in Counts 1–35, Defendant argues that the money laundering fails to specifically identify the underlying offenses.  On the other hand, Defendant argues that, if it *is* the same wire fraud as alleged in Counts 1–35, and if the Court finds the Superseding Indictment insufficiently alleges Counts 1–35, then by extension Counts 36–52 are not sufficiently specific.

Defendant's arguments fail.  Counts 36–52 of the Superseding Indictment expressly incorporate all prior paragraphs, including the paragraphs related to the wire fraud counts.  Sup. Indict. ¶ 17, ECF No. 30.  Thus, the "wire fraud" identified as the underlying criminal activity for the money laundering crimes is the wire fraud alleged in Counts 1–35.  Further, the Court has already concluded that Counts 1–35 are sufficiently alleged.  Thus, Defendant's argument that a deficiency in Counts 1–35 demands a similar finding of deficiency for Counts 36–52 is unavailing.

In short, the Superseding Indictment is sufficiently specific as to all counts.

### 4.    Meeting the Burden of Proof

Finally, Defendant argues that the Court should dismiss the indictment because, according to Defendant, the Government could not prove the "intent to defraud" element beyond a reasonable doubt.  This is, essentially, a sufficiency-

of-the-evidence arguments and, therefore, it is better suited to a motion for judgment of acquittal. *See United States v. Ledbetter*, No. 2:14-CR-127, 2015 WL 4941812, at *6 (S.D. Ohio Aug. 20, 2015) (denying a Rule 12 motion that argued insufficiency of the evidence and observing that the "proper time, place, and manner for Defendants to raise their [sufficiency-of-the-evidence] arguments are at the close of the Government's case-in-chief, through a Rule 29 Motion for Judgment of Acquittal" (citation omitted)).

Defendant disagrees, citing to *United States v. Levin*, 973 F.2d 463 (6th Cir. 1992). Defendant cannot, however, rely on *Levin*. True, at first glance, *Levin* seems to support Defendant's motion: in *Levin*, the Sixth Circuit affirmed the district court's order dismissing an indictment where the district court concluded the Government could not prove the intent element of the offense. *Id.* at 469. However, in *Levin*, the facts necessary to reach that conclusion were *undisputed*. *Id.* at 470. Here, by contrast, many of the relevant facts are disputed. As a result, *Levin* is distinguishable, and the Court will not consider Defendant's sufficiency-of-the-evidence arguments now.

For these reasons, the motion to dismiss is **DENIED**.

### III.    MOTION FOR BILL OF PARTICULARS

In the alternative, Defendant moves for a bill of particulars.  The Sixth

Circuit has summarized the standards applicable to a motion for a bill of

particulars as follows:

> Rule 7(f) states that "the defendant may move for a bill of particulars."
> Fed. R. Crim. P. 7(f).  The purpose of a bill of particulars is to inform
> the defendant of the charges against him "if this is necessary to the
> preparation of the defense, and to avoid prejudicial surprise at the
> trial."  1 Charles Alan Wright, Federal Practice & Procedure § 129 (3d
> ed. 1999)[3]; *see United States v. Birmley,* 529 F.2d 103, 108 (6th Cir.
> 1976).  Thus, the test in ruling on a motion for a bill of particulars is
> whether providing such details is necessary to the preparation of the
> defense and avoidance of prejudicial surprise.  *See* Federal Practice
> & Procedure § 129.  The bill of particulars is not intended as "a means
> of learning the government's evidence and theories."  *Ibid.*

*United States v. Musick*, 291 F. App'x 706, 724 (6th Cir. 2008).  In determining

whether to order the Government to provide a bill of particulars, the Court may

consider such factors as "the complexity of the crime charged, the clarity of the

indictment, and the degree of discovery and other sources of information

otherwise available to the defendants."  1 Charles Alan Wright, Federal Practice

& Procedure § 130 (4th ed. 2021).

One factor—the complexity of the crimes—weighs in favor of ordering a bill

of particulars.  Financial crimes, like money laundering and wire fraud, often

---

[3] In the current version of Wright & Miller's Federal Practice and Procedure, the section
on bills of particulars can be found at § 130.  Although § 130 no longer contains the
exact language quoted by the *Musick* Court, § 130 imparts the same meaning.

evolve into complicated cases. This case has so evolved, as evidenced by the two trillion bytes of discovery exchanged. Mot., ECF No. 17. Thus, the complexity of the charges weighs in favor of ordering a bill of particulars.

All other factors weigh against ordering a bill of particulars. First, the Court considers the clarity of the Superseding Indictment. The Superseding Indictment contains substantial detail about the alleged crimes, including exact dates, bank account numbers, amounts of money transferred, and other details about the alleged conduct. *See, e.g.*, *United States v. Wickline*, No. 2:07-CR-121, 2008 WL 2121222, at \*\*1–2 (S.D. Ohio May 20, 2008) (denying a motion for a bill of particulars where the indictment contained specifics about the alleged wire fraud and money laundering and provided "the exact date" of the alleged conduct). Thus, the detailed nature of the Superseding Indictment weighs against granting Defendant's motion.

Next, consider the amount of discovery exchanged. The parties have represented that the Government has produced extensive discovery. *See, e.g.*, Mot. 2, ECF No. 14; Mot. 2, ECF No. 17. When the Government has produced significant discovery, a bill of particulars is unnecessary. *See United States v. Martin*, 516 F. App'x 433, 455 (6th Cir. 2013) (affirming the district court's denial of a motion for a bill of particulars where the defendant had received "extensive discovery from the government"). In this case, then, the production of substantial discovery, combined with the detailed Superseding Indictment, obviates the need for a bill of particulars.

Finally, the Court finds that Defendant will not be prejudiced by the lack of a bill of particulars. As just explained, the Superseding Indictment is sufficiently detailed, and the Government has turned over substantial discovery. As a result, the Court cannot see how Defendant could be prejudiced without a bill of particulars. *See, e.g.*, *United States v. Lanier*, No. 3:11-CR-00098, 2012 WL 5921148, at *5 (M.D. Tenn. Nov. 26, 2012) ("Defendant has failed to demonstrate that the information made available to the defense through the Superseding Indictment and discovery is not sufficient to place Defendant on notice of the charged offenses."); *United States v. Reid*, No. CR 07-110-DCR, 2008 WL 11414538, at *3, n. 3 (E.D. Ky. Feb. 26, 2008) (observing that the "combination of discovery and other information can tend to negate any claimed prejudice from denial" of a motion for a bill of particulars). Thus, the lack of prejudice to Defendant weighs against granting Defendant's motion.

Accordingly, Defendant's motion for a bill of particulars is **DENIED**.

### IV.    MOTION TO DISMISS FOR IMPROPER VENUE

Defendant moves to dismiss Counts 17–24 (wire fraud) for improper venue. Under the Constitution of the United States, criminal defendants have a "right to be tried in the state where the offense was committed." *United States v. Coffman*, No. 2:22-CR-154, 2023 WL 371830, at *4 (S.D. Ohio Jan. 24, 2023) (citing U.S. Const. art. III, § 2, cl. 3 and U.S. Const. amend. VI). "Wire fraud is a "continuing offense" and, therefore, is "is subject to the provisions of 18 U.S.C. § 3237." *United States v. Abegunde*, 841 F. App'x 867, 876–77 (6th Cir. 2021).

Thus, venue is proper for wire fraud charges "in any district in which such offense was begun, continued, or completed." 18 U.S.C. § 3237(a).

In the Sixth Circuit, courts apply the "substantial contacts test to determine appropriate venue." *United States v. Wells*, 631 F. App'x 408, 414 (6th Cir. 2015) (internal quotation marks and citation omitted). Under that test, courts consider several factors, including: (1) "the site of the defendant's act"; (2) "the elements and nature of the crime"; (3) "the locus of the effect of the criminal conduct"; and (4) "the suitability of each district for accurate fact finding." *United States v. Hagar*, 822 F. App'x 361, 371 (6th Cir. 2020) (cleaned up). "So long as the contact is substantial, any one factor or combination of factors may be determinative." *Coffman*, 2023 WL 371830, at *5 (citing cases).

The Superseding Indictment sufficiently alleges that venue is proper in the Southern District of Ohio. First, the Superseding Indictment alleges that the offense conduct occurred "in the Southern District of Ohio and elsewhere." Sup. Indict. ¶¶ 9, 18, ECF No. 30. That alone can establish venue in an indictment. *See Coffman*, 2023 WL 371830, at *5 (concluding an allegation that the charged offenses "occurred within 'Southern District of Ohio and elsewhere'" was "sufficient to establish venue at [the pretrial motion] stage").

In addition, the Superseding Indictment further alleges that Defendant lives in the Southern District of Ohio, orchestrated his alleged fraudulent scheme in the "Southern District of Ohio and elsewhere," transmitted wire transfers or caused to be transmitted wire transfers from the "Southern District of Ohio and

elsewhere," and knowingly engaged in or attempted to engage in money laundering in "Southern District of Ohio and elsewhere." Sup. Indict. ¶¶ 1, 10, 16, 18, ECF No. 30. Thus, the Superseding Indictment alleges that the site of Defendant's conduct and the elements of the alleged crimes occurred in the Southern District of Ohio. In addition, as Defendant lives in this district, fact-finding is likely most suitable here. Thus, venue is proper in the Southern District of Ohio. *See United States v. Williams*, 274 F.3d 1079, 1085 (6th Cir. 2001) ("Texas is the venue that is most suitable for fact finding, because the defendants live in Texas, their families, friends, and potential character witnesses live there and, as we have said, the offense and all of its elements, occurred there.").

Accordingly, Defendant's motion to dismiss for improper venue is **DENIED**.

## V.     CONCLUSION

For these reasons, Defendant's motions, ECF Nos. 24, 39, and 40, are **DENIED**. The Clerk shall terminate ECF Nos. 24, 39, and 40.

**IT IS SO ORDERED.**

_/s/ Michael H. Watson_
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**