UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

United States of America,

v.

Case No. 2:21-cr-121

William T Caniff, Jr.,

Judge Michael H. Watson

Defendant.

## OPINION AND ORDER

Defendant is charged with several counts of wire fraud and several counts of money laundering. *See generally* Superseding Indictment, ECF No. 30. Trial is currently set for November 27, 2023. *See* ECF No. 38.

The Government has moved for a hearing pursuant to *Lafler v. Cooper*, 566 U.S. 156 (2012), and *Missouri v. Frye*, 566 U.S. 134 (2012), ECF No. 47, and Defendant subsequently moved to withdraw his counsel, ECF No. 49. After holding a hearing on October 27, 2023, the Court granted Defendant's motion to withdraw and appointed new counsel. ECF No. 50. At that hearing, the Government represented that there is voluminous discovery that will need to be turned over to new defense counsel. Thus, as it stands, the Government's motion for a *Lafler* hearing remains pending, and new counsel was recently appointed and must review voluminous discovery in preparation for trial.

The Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, commands that, for any case in which a defendant has not pleaded guilty, trial must begin within seventy days of the date the defendant has an initial appearance or is charged,

whichever is later. 18 U.S.C. § 3161(c)(1); *Bloate v. United States*, 559 U.S. 196, 198 (2010). The Speedy Trial Act allows for certain delays to be excluded from the seventy-day clock. *See* 18 U.S.C. § 3161(h). Some of these delays—for example, those enumerated in subsection 3161(h)(1)—are automatically excluded. *See Bloate*, 559 U.S. at 199.

When, however, a delay results from a continuance granted at the request of a party or on the Court's own motion, that time is excludable only if the Court makes "specific findings" that the "ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Bloate*, 559 U.S. at 213; 18 U.S.C. § 3161(h)(7)(A). These findings must be set forth "in the record of the case, either orally or in writing." *Zedner v. United States*, 547 U.S. 489, 506 (2006) (quoting the then-existing version of 18 U.S.C. § 3161(h)(7)).

When considering whether to grant a so-called "ends of justice" continuance under § 3161(h)(7)(A), a court must consider the following factors:

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
>
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.
>
> (iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a

time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex.

(iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B). An "ends of justice" continuance may not be granted based on "general congestion of the court's calendar," or for "lack of diligent preparation or failure to obtain available witnesses" on behalf of the Government. 18 U.S.C. § 3161(h)(7)(c).

The Court has considered the subsection (h)(7)(B) factors. Based on counsel's recent appointment and the complexity of this case, the Court finds that "the case is so unusual or so complex . . . that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section[,]" or in the alternative, that a failure to grant a continuance would at least deny defense counsel "the reasonable time necessary for effective preparation, even taking into account the exercise of due diligence." See 18 U.S.C. § 3161(h)(7)(B)(ii) and (iv). Accordingly, a continuance is warranted, and the "ends of justice served by the granting of [this] continuance outweigh the best interests of the public and the defendant in a

speedy trial." *See* 18 U.S.C. § 3161(h)(7)(A). The delay caused by this continuance is excludable under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h).

The Government's motion for a *Lafler* hearing is **GRANTED**. The *Lafler* hearing and final pretrial conference are set for **Wednesday, March 20, 2024, at 11:00 a.m.**, by which time the joint Final Pretrial Order must be filed on the docket.

Trial is set for **Monday, April 1, 2024, at 9:00 a.m.**

Any motions to exclude testimony pursuant to *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 113 S. Ct. 2786 (1993) and Federal Rule of Evidence 702, all motions *in limine* and proposed joint, substantive jury instructions are due by **Friday, March 1, 2024, at 5:00 p.m.** Any responses to such motions are due by **Friday, March 8, 2024, at 5:00 p.m.**

The Clerk shall terminate ECF No. 47.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**